1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LUCIANO RAMIREZ-SALAZAR,                    No.  2:13-cv-0152 LKK DAD P

12              Plaintiff,

13         v.                                     FINDINGS AND RECOMMENDATIONS

14    ROBIN R. TAYLOR et al.,

15              Defendants.

16

17         Plaintiff is a federal prisoner proceeding pro se.  Plaintiff has filed a civil rights complaint

18    and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19    proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20                              **SCREENING REQUIREMENT**

21         The court is required to screen complaints brought by prisoners seeking relief against a

22    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

23    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

24    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

26    U.S.C. § 1915A(b)(1) & (2).

27         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

28    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

                                        1

1    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5    Cir. 1989); Franklin, 745 F.2d at 1227.

6         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

7    statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

8    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

9    Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

10   However, in order to survive dismissal for failure to state a claim a complaint must contain more

11   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

12   allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

13   U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

14   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

15   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

16   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

                                    **PLAINTIFF'S COMPLAINT**

18        In his complaint, plaintiff identifies as the defendants Assistant U.S. Attorneys Robin R.

19   Talyor, Camil A. Skipper, and former U.S. Attorney Paul J. Seave.  According to plaintiff, the

20   defendants filed an erroneous and false complaint against him, which led to his indictment,

21   judgment of conviction, and sentence of twenty-five years in federal prison.  In terms of relief,

22   plaintiff seeks the award of monetary damages.  (Compl. at 1-8.)

                                          **DISCUSSION**

24        The court will recommend that this action be dismissed because plaintiff's success in this

25   action would necessarily call into question the validity of his criminal conviction and implicate

26   /////

27   /////

28   /////

                                                2

1    the duration of his confinement.[1]  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (a state

2    prisoner may not recover damages under § 1983 for allegedly unconstitutional imprisonment, or

3    for any other harm caused by "actions whose unlawfulness would render the imprisonment

4    invalid," unless he can prove that the conviction or other basis for confinement has been reversed

5    on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

6    make such a determination, or called into question by a federal court's issuance of a writ of

7    habeas corpus); Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996) (Heck applies with equal force to

8    federal convictions); see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("a state prisoner's

9    § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or

10   equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or

11   internal prison proceedings) - if success in that action would necessarily demonstrate the

12   invalidity of confinement or its duration."); Edwards v. Balisok, 520 U.S. 641, 648 (1997)

13   (dismissing § 1983 action for declaratory relief and money damages because successful challenge

14   to procedures used in disciplinary hearing would necessarily imply the invalidity of the

15   punishment imposed).  If plaintiff wishes to challenge his federal judgment of conviction and

16   sentence, he must file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.

17   § 2255.

18       Based on the circumstances of this case, the undersigned concludes that it is clear plaintiff

19   cannot cure the deficiencies of his complaint, and therefore, dismissal without leave to amend is

20   appropriate.  See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no

21   need to prolong the litigation by permitting further amendment where the "basic flaw" in the

22   underlying facts as alleged cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284

23   F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to

24   prolong the litigation by permitting further amendment.").

---

25   [1] Plaintiff has previously filed a similar habeas action in this court, which the court dismissed as

26   Heck-barred.  See Ramirez-Salazar v. Derksen, No. 2:12-cv-0764 KJN P (E.D. Cal. May 31, 2012).  The Ninth Circuit Court of Appeals affirmed the dismissal of that earlier filed action and

27   agreed that judgment in his favor on his civil rights claims would necessarily imply the invalidity of plaintiff's criminal conviction for drug and firearm possession and illegal reentry.  See

28   Ramirez-Salazar v. Derksen, No. 12-16383 (9th Cir. June 17, 2013).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) be denied;

2.  Plaintiff's complaint be dismissed without prejudice as <u>Heck</u>-barred; and

3.  This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 29, 2014

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
rami0152.56